## STATE vs. ATWOOD.

APPEAL FROM CIRCUIT COURT, FOND DU LAC COUNTY.

Heard January 19.]                    [Decided June 4, 1860.

*Highways—Statutes, Construction of.*

The act of 1857, which provided "that all highways laid out by the supervisors of any town, and recorded, any portion of which shall have been opened and worked for the term of three years, should be deemed legal highways, so far as opened and worked, notwithstanding the statutes may not have been in all respects complied with," cannot be construed to have a retro-active operation.

Statutes are not to be construed as having a retro-active effect, unless it shall clearly appear that it was so intended by the legislature, nor then, if such construction would impair vested or constitutional rights.

This action was commenced in the name of the state, before a justice of the peace, to recover a penalty for an obstruction to a highway, and taken thence by appeal to the circuit court. On the trial the plaintiff introduced evidence tending to show that the highway had been worked through the lands of the defendant for several years previous, and that it had been laid out, and the survey recorded. Considerable testimony was given on this point. The laying out was done in 1849, and it had been used and travelled on as a highway since 1850. The state claimed to recover under the act of 1857, Gen. Laws, 23, which provided "that all highways laid out by the supervisors of any town, and recorded, any portion of which shall have been opened and worked for the term of three years, should be deemed legal highways, so far as worked, notwithstanding the statutes may not have been in all respects complied with."

The circuit court charged the jury as follows:

"The original order introduced in evidence, and the record also introduced, is evidence that the highway was laid out by the commissioners of highways of the town of Waupun, and recorded, and these facts, and the other evidence in this case, is sufficient evidence of the laying out and recording said highway, under the provisions of chapter 19, of the General Laws of 1857, to authorize the jury in finding the road a legal highway, so far as they shall find that the same was opened and worked as a highway, for three years previous to the time the obstruction was placed across the road by the defendant.

"If the jury find that this road was opened and worked as a highway for the term of three years previous to the time the fence was placed across the same by the defendant, then under the evidence in this case, the plaintiff is entitled to recover in this action."

The defendant asked the court to instruct the jury that it was necessary for them to find compensation had been made in this case, to the defendant, for his land taken for the highway, or the plaintiff could not recover; which the court refused to give.

And the said court charged the jury, that all they need find, was that the supervisors met and laid out a road, and recorded it in the town book, and that the road was opened and worked for three years, and that the defendant obstructed this road, and the plaintiff would be entitled to recover.

Verdict and judgment were rendered against the defendant, and he appealed therefrom.

*J. M. Gillett*, for the appellant.

*By the Court*, DIXON, C. J. Chapter 19 of the General Laws of 1857, is prospective, and not retro-active in its operation. The language, "which shall have been opened and worked," plainly points to the future and not the past. It is a well settled rule of construction, that statutes are not to be construed retrospectively, or to have a retro-active effect, unless it shall clearly appear that it was so intended by the legislature, and not even then, if such construction would impair vested or constitutional rights. If this act were capable

of being so construed, it would, as is suggested by the counsel for the appellant, raise a serious constitutional question. We are satisfied, however, that such was not the intention of the legislature. The road in question not having been opened and worked for the term of three years after the passage of the act, and before the creation of the obstructions complained of, the circuit court erred in instructing the jury that its provisions were applicable to the case, but should have submitted it to them upon the law as it stood prior to its enactment.

Judgment reversed, and a new trial awarded.