SAMUEL DUNLAP *vs.* DABNEY EDWARDS.

In order to give such an effect to a former judgment as to plead it in bar of a suit pending, it is necessary not only that the action should be founded on the same cause of action embraced in the former suit, but that the cause of action in the second suit was embraced in the judgment rendered in the former action; and it is competent to show that the cause of action of the second suit was not embraced in the former judgment.

The attorney who brought the original suit was a competent witness for the plaintiff in the second action, to show that the defendant had admitted the mistake in the judgment, and had promised to pay the amount to the plaintiff. It does not appear that the note in controversy was one of the notes for which the attorney had given his receipt to collect, and was responsible for the amount.

The rule is, that the verdict will not be disturbed when it is according to the law and justice of the case, though the instructions be erroneous.

IN error from the circuit court of Clarke county; Hon. John Watts, judge.

At the April term, 1852, of the circuit court of Clarke county, Dabney Edwards sued S. Dunlap on two promissory notes. Dunlap replied "a former recovery and judgment." On trial, Edwards read the notes in evidence. Dunlap then read to the jury the record of a former proceeding, recovery, and judgment thereon. The plaintiff then introduced Haynes, who proved that Dunlap said there was a "mistake" in the aforesaid proceeding, and he would pay Edwards the "balance," if he would wait on him. A. B. Dawson then proved that Dun-

4 *

lap told him if Edwards would give him time, he would pay him the " balance." What " time " or what " balance " is nowhere stated. I. Moody was then called by the plaintiff and put upon his *voir dire.* He was the attorney of Edwards in the suit on these notes when the former recovery was had, and that he was bound to Edwards for the amount for which he had failed to enter up judgment, if his receipt covered that amount. He was objected to on the ground of interest, but the objection was overruled, and he proved that Dunlap promised to pay Edwards the balance, and said there was a mistake in the judgment against him.

The jury found a verdict for the plaintiff for $459.02.

A motion was then made for a new trial, and the defendant prayed this writ of error.

*D. C. Glenn,* for appellant.

1. The verdict is without testimony, as there is no amount proved for which the defendant below is liable. If a contract of any kind is proven, it is void for uncertainty. The action cannot be brought on the notes; they are merged in the judgment. It must be upon a new promise, contract, or undertaking, and there is no proof what that is.

2. We assign as error the admission of counsellor Isham Moody as evidence. The counsellor brought the suit in which the former insufficient recovery was had, and did n't have sense enough to take his judgment for as much as his client was entitled to. If his client loses this action, and fails to recover the amount of these notes from Dunlap, the counsellor will be liable to that amount to Edwards. Therefore the counsellor is by no means an indifferent witness in this case; his pocket nerve is touched, and he is deeply interested in the event of this suit, and was therefore manifestly incompetent. He is allowed to undertake to swear his client out of the difficulties into which his ignorance, or neglect, or both, had plunged him. This was clearly error.

3. The next error is the first charge for plaintiffs. The suit is upon the notes, and no new promise is averred in the complaint. These notes were merged in the judgment on

them. Yet the court says the plaintiff can recover in this form of action upon a "subsequent promise to pay them."

4. The next charge is equally erroneous. The court says, that where suit is brought to recover several notes, and a recovery is had, it is not a recovery. In other words that a judgment in a suit does not conclude all the matters therein so long as the same remains unreversed, uncorrected, or not set aside. This is absolute nonsense.

5. The next and third charge is at direct war with the evidence, and also undertakes to instruct on the weight of evidence.

6. The fourth charge is not only not law, but was an outrage. It assumes as proven, "the admissions of the defendant that he knew that these notes were not included in the judgment and he promised to pay them," when no such admissions are proven. The charge embodies a falsehood. This alone is sufficient to reverse the case. It charges directly on the weight of testimony, and instructs the jury what weight to attach to evidence.

6. The fifth and last charge is error. " If the debt is still due and unpaid, the consideration of said notes is sufficient to the promise." The notes only are declared on, and not the new promise. A new promise is set up in proof, but none such is averred in the pleadings.

7. The next error was the refusal of defendant's third charge. It was clearly the law, and clearly applicable to the case before the court, and it was error to refuse it.

8. The same remark holds good as to the refusal of defendant's fifth charge.

Any or all of these grounds are enough to reverse the judgment, and to grant us a new trial.

No counsel for appellee.

Mr. Justice HANDY delivered the opinion of the court.

This was an action in the circuit court of Clarke county, to recover the amount of two promissory notes made by the plaintiff in error to the defendant in error. The defendant below

pleaded, first, that he did not owe the sums of money demanded, and second, that at the April term of said court, 1850, the plaintiff had sued him in an action of assumpsit, founded on the same identical causes of action here sued on, amongst others, and that at October term, 1850, said plaintiff recovered judgment against the said defendant for the sum of $121.63, which remained in full force.   To this second plea, the plaintiff replied that the promissory notes here sued on, are not the same cause of action upon which judgment was recovered in the previous action ; and further, that the defendant, with a full knowledge that said judgment was not rendered for the same cause of action here sued on, afterwards promised to pay the notes here sued on to the plaintiff.

On the trial, the plaintiff offered in evidence the two notes sued on, one for $200, and the other for $225.

The defendant then introduced and read the writ, declaration, and judgment in the former action, by which it appeared that that suit was founded on three promissory notes, one for the sum of $101.88, and two others, being the same sued upon in this action; that the defendant withdrew his plea, and that judgment was rendered for the sum of $121.63.   It also appeared that a motion was made by the plaintiff at October term, 1851, to correct the judgment; which motion was overruled.

The plaintiff then proved that, subsequently to these proceedings, the defendant had acknowledged that there was a mistake in the original judgment, by which the notes here sued on were omitted, and that he had promised to pay the amount to the plaintiff's agent or attorney.

The verdict and judgment were for the plaintiff, for the amount due the plaintiff, and which was not embraced in the former judgment.

The first question is, whether, under the state of facts presented by the record, the former judgment was a bar to the recovery in this case.

In order to give such an effect to a former judgment, it is necessary not only that the action should be founded on the same cause of action embraced in the former suit, but that the

Dunlap *v.* Edwards.

cause of action in the second suit was embraced in the judgment rendered in the former action. This was the issue presented by the replication to the second plea; and it is well settled that it was competent to show that the cause of action of the second suit was not embraced in the former judgment. 2 Saund. Pl. & Ev. 260, title Judgment Recovered; *Seddon* v. *Tutop*, 6 Term R. 608; *Hitchen* v. *Campbell*, 2 W. Black. 831; Com. Dig. Action, (L. 4.)

The second question is, whether the attorney who brought the original suit was a competent witness for the plaintiff in the second action, to show that the defendant had admitted the mistake in the original judgment and promised to pay the amount due the plaintiff. It appears that this witness had given a receipt to the plaintiff for one note for collection, and was responsible to that amount. But it did not appear that that was one of the notes sued for in this action; nor, but that it was the note upon which the former judgment had been rendered and which was paid. In this uncertain state of the evidence in relation to his interest, we cannot say that the court erred in holding him to be competent.

Several of the instructions given at the instance of the plaintiff, and refused on the part of the defendant, are alleged to be erroneous; and some of them are probably not correct as legal propositions. But the principal point of controversy was properly submitted to the jury, and the evidence shows that it was clearly in favor of the plaintiff. And the rule is, that the verdict will not be disturbed when it is according to the law and justice of the case, though the instructions be erroneous.

*The judgment is affirmed.*