## JOHN HALL v. DORITHY MORRISON'S ADM'R.

Where the evidence was that witness assisted in packing the goods, and same witness stated that they were damaged two hundred dollars when delivered, and it was objected that there was no proof that the goods were in good order when received, the Court said the general mode of stating the damage was not objected to, and being admitted, it was not improper for the jury to act on it, as they did.

In this case the plaintiff, after the defendant had recovered judgment against him in a Justice's Court, for freight, recovered judgment against defendant in the District Court, in another suit, for $147 81, for damages to the goods; and on an issue of fact, whether the same damages had been claimed in reconvention before the Justice and adjudicated, the Justice's docket not showing whether they were or not, and the testimony being conflicting, although preponderating in favor of the defendant, the Court refused to reverse the judgment.

Appeal from Washington. Tried below before the Hon. R. E. B. Baylor.

Suit by the appellee against appellant, to recover damages for breach of a contract for carriage of "a certain quantity of goods and furniture," of the value of $1,200, from Houston to Chappell Hill, on the        day of        1853; breach, that said Hall, not regarding his duty, and intending to defraud and injure petitioner, voluntarily and unnecessarily delayed said goods and furniture, and failed to deliver them within a reasonable time, and so carelessly and negligently behaved and conducted himself in regard to the same, that they became and were greatly wetted

and injured, and rendered almost worthless to petitioner; damages laid at $600.

Defendant pleaded general denial, and that he had sued the plaintiff before John A. Haynie, a Justice of the Peace, for the freight; that she had pleaded the same damages now sued for, in reconvention; and that a judgment was rendered by the Justice in this defendant's favor for $25, which judgment remains in full force, &c.

The plaintiff had a verdict and judgment for $147 81; motion for new trial overruled, &c. The defendant had sued the plaintiff before Justice Haynie for $31, and obtained judgment for $25. The Justice's docket did not show that any claim for the damages done to the goods had been set up by the present plaintiff, in that suit. The other facts are stated in the Opinion.

*J. D. & D. C. Giddings,* for appellant.

*J. D. McAdoo,* for appellee.

ROBERTS, J. There are two points in this case that require some notice.

1st. It is contended that plaintiff failed to sustain his case, by failing to show that the goods were in good condition when delivered to the wagoner. Although it is not directly stated by any witness, yet the damage is sufficiently established by the proof. One of the witnesses, Mr. KcKenzie, states that he assisted in packing up the goods, and that he knew they were put up in such a manner that there was no possibility of their sustaining any injury except from neglect and carelessness. The same witness said that plaintiff had been damaged by the conduct of the defendant or his agent or both, the amount of at least two hundred dollars. This general mode of stating the damage was not objected to, and being admitted, it was not improper for the jury to act on it, as they did.

2d. The defendant pleaded that this matter of damage had already been adjudicated between the parties. The evidence on this subject is conflicting. All the witnesses agree that the damages were pleaded before the Justice. One of them says that it was fully considered and adjudicated. Justice Haynie does not remember whether it was considered or not, and one witness says that it was expressly excluded by the Justice, for want of jurisdiction.

Although the preponderance of testimony might be in favor of this plea, yet it is not so strong as to require this Court to set aside the verdict of the jury.

The charge of the Court was fair and equally as favorable to the defendant as he had any right to expect. The proof shows great negligence on part of the defendant; and upon the whole we think the justice of the case has been reached. Judgment is affirmed.

Judgment affirmed.