JOHN B. SMALLEY, Plaintiff in Error, *v.* RICHARD A. EDEY, Defendant in Error.

ERROR TO MACOUPIN.

A negotiable note, executed by a debtor in settlement of his debt, to a third person, at the instance of the creditor, or to the creditor himself, is *prima facie* a payment of the original debt.

Where a count in a declaration is so defective that a judgment thereon would be arrested, it may be disregarded, or judgment thereon may be rendered for the defendant.

A judgment rendered for defect of pleading, is not a judgment on the merits, and is not a bar to another action upon the same contract.

If the facts stated in a count, being admitted or proved, will not entitle the plaintiff to a judgment, a judgment for defendant would not bar the plaintiff from suing again on the same contract.

THIS suit was instituted to the Macoupin Circuit Court. The declaration contains two special counts :

1st. For that whereas, heretofore, to wit, on the 22nd day of April, 1850, at, etc., the said defendant made his promise, in writing, for value received, and delivered the same to the plaintiff in the words and figures following, to wit:

I do hereby agree to pay to Mr. Richard A. Edey one hundred and forty-eight dollars and twenty-seven cents, provided I do not settle said amount with Richard Hoover, and Mr. Edey is compelled to pay the same to said Hoover. I will settle the same with Hoover in thirty days, if practicable, or as soon as said Edey has to pay Hoover the money. [Signed] JOHN B. SMALLEY.

And the plaintiff avers that it was practicable for the said defendant to have settled and paid the said sum of money to and with the said Hoover in thirty days from the date of said promise. And the said plaintiff further avers, etc., that on the 10th day of May, 1850, he was compelled to pay, and did pay, said sum of money to Richard Hoover, whereby an action hath accrued, etc.

2nd. And for that, whereas, etc., on the 22nd day of April, 1850, at, etc., the said defendant made and delivered to the plaintiff his (said defendant's) promise in writing, which is set forth in the first count of this declaration, and afterwards, to wit, on the 10th day of May, 1850, the said Richard Hoover, named in said promise in writing, at, etc., executed a release in the words and figures following, to wit:

May 10, 1850. Received of Mr. Richard A. Edey one hundred and forty-eight dollars and seventy-three cents, in full of amount paid to Mr. Edey on purchase of land, and the contract since rescinded, and the land sold to J. B. Smalley; and I do release him from all liability to me on account of same.

Witness my name and seal this date above.

RICHARD HOOVER (his mark.) [SEAL.]

The original of which release the plaintiff has now in court, ready to be produced, whereby an action hath accrued, etc.

3rd. For certain real estate, sold and conveyed by the plaintiff to the defendant, and at his special instance and request, with a notice appended that the plaintiff would seek to recover the amount of the following account:

For amount of purchase money ($148.27) with interest on same, etc., due and payable to me on account of sale and conveyance of certain real estate (describing it), which purchase money is the same sum specified in your promise in writing, copied in the first count of the foregoing declaration, the original of which promise in writing, if need be, will be surrendered and cancelled on the trial.

4th. The common money counts.

To this the defendant plead non assumpsit, and it was stipulated that all special defenses might be made under the plea, as if specially pleaded.

The cause was tried by the court. The plaintiff proved that, " on the 22nd day of April, 1850, by arrangement between Richard Hoover, the plaintiff and defendant, the plaintiff and wife conveyed to defendant the lands referred to in the declaration, that had been previously sold, and contracted to be conveyed to said Hoover, who had paid the plaintiff $148.27 of the purchase money, and on the same day the paper copied into the first count was made, and on the 10th day of May the paper copied into the second count was made, and that on the 13th day of December, 1851, the plaintiff, at the instance of the said Richard Hoover, made his two notes to one John Hoover, for $127, which have never been paid ; and the said John Hoover gave the plaintiff a receipt, stipulating that said notes were to be paid out of the proceeds of a judgment, if obtained by the plaintiff, in a suit then pending as above."

Defendant then proved, to the May term, 1851, of this court, that the plaintiff sued the defendant in assumpsit, and in the first count of his declaration, sued the paper of the 22nd of April, 1850. In the second count, sued upon a *quantum meruit* for $148.27, the price of a certain messuage and tenement sold and conveyed to the defendant by the plaintiff, and in the same declaration there were the common money counts.

To this declaration the defendant pleaded non assumpsit, with a stipulation that any special matter might be given in evidence, and on the trial of the cause, the court found the issue upon the first count for the defendant, and upon the other counts for the plaintiff, and assessed his damages at $164.33, from which judgment the defendant appealed to the Supreme Court, and the judgment was reversed (see 15 Ill. R. p. 324, etc.) ; and afterwards, upon a subsequent trial, the plaintiff submitted to a non-suit. Upon this state of proceedings and proofs, this cause was tried by the court at the April term, 1856, and judgment rendered for the plaintiff, and the defendant below assigns the following errors :

1. The court erred in deciding that the evidence offered by the plaintiff was legally competent and admissible to maintain the issues on his part.

2. The court erred in finding that the evidence offered by the plaintiff was sufficient to maintain the issues on his part.

3. The court erred in refusing to find that the evidence offered by the defendant was sufficient to bar the plaintiff from maintaining his action against him.

4. The court erred in rendering judgment for plaintiff.

PALMER & PITMAN, for Plaintiff in Error.

D. A. SMITH, for Defendant in Error.

SKINNER, J. Edey sued Smalley in assumpsit, declaring, in the first count, upon an instrument in writing, set out in *hæc verba* as follows:

"I do agree to pay Richard A. Edey one hundred and forty-eight dollars and twenty-seven cents, provided I do not settle said amount with Richard Hoover, and Mr. Edey is compelled to pay the same to said Hoover. I will settle the same with Hoover in thirty days, if practicable, or as soon as said Edey has to pay Hoover the money. JOHN B. SMALLEY."

The declaration also contained the common counts, for certain land sold, and so forth. The defendant pleaded the general issue, with stipulation that all matters of defense might be given in evidence under that issue. The cause was tried by the court, and judgment rendered for the plaintiff.

On the trial, the plaintiff proved a receipt and release, executed by Richard Hoover to him, dated the 10th of May, 1850, acknowledging the payment of $148.73, in full of money paid by Hoover to the plaintiff, on a purchase of land, the contract for the sale of which had been rescinded, and the land sold by the plaintiff to the defendant; and proved that, at the time of the execution of the contract, in the first count set forth, by arrangement between Hoover, the plaintiff and defendant, the plaintiff conveyed the lands mentioned in the declaration to the defendant, and which had been previously contracted to be conveyed by the plaintiff to Hoover, who had paid the plaintiff on the same, of the purchase money, $148.27; that afterwards the plaintiff, at the instance of Richard Hoover, in payment of the money due from the plaintiff on the rescission of the sale of the land, executed to one John Hoover his promissory note, which had not been paid, and that John Hoover executed to the plaintiff a stipulation that the note was to be paid out of the proceeds of a judgment, if obtained, in a suit then pending.

The defendant proved, that, in 1851, the plaintiff sued him in the Circuit Court, in assumpsit, counting, in the first count of his declaration, upon the contract sued on in this case, and in the second count for lands sold; that the defendant pleaded the general issue, and the cause being tried by the court, the court found the issue upon the first count for the defendant, and the issue upon the second count for the plaintiff, and rendered judgment accordingly; that the defendant appealed to this court, where the judgment was reversed and the cause remanded, and

that the plaintiff afterwards, in the Circuit Court, dismissed his suit.

The contract sued on in this case, was before this court in the case of *Smalley* v. *Edey*, 15 Ill. R. 324; and this court held that a cause of action would accrue thereon to the plaintiff, upon payment by him to Hoover of the money therein mentioned. Such payment was alleged in this case and proved. The note executed by the plaintiff, payable to John Hoover, is presumed to have been negotiable; and such note executed by the debtor, in settlement of his debt, to a third person, at the instance of the creditor, or to the creditor himself, is, *prima facie*, a payment of the original debt. *Ralston* v. *Wood*, 15 Ill. R. 159; 2 Greenleaf's Ev., secs. 519, 520.

The stipulation, in the separate paper, in regard to the judgment to be obtained, is too uncertain to form a condition to the note. It does not appear what suit was in the minds of the parties, or that any judgment they may have had in mind was ever obtained.

The former suit on the same instrument, and the judgment for the defendant on the first count, counting upon that instrument, even if that judgment remains in full force, do not, under the proof made, amount to a bar of this action.

It does not appear that that count alleged facts amounting to a cause of action, upon which judgment might have been lawfully rendered for the plaintiff on proof of those allegations; and, if it did not, the judgment thereon for the defendant is no bar to another action upon the same instrument. Where a count of a declaration is defective in substance, so that, upon verdict for the plaintiff thereon, the judgment would be arrested, the court may disregard it, or judgment thereon may be rendered for the defendant. Statutes 1858, 261. A judgment rendered for defect of pleading is not a judgment upon the merits, and, therefore, is no bar to another action upon the same contract; and it was for the defendant to show that the *cause of action* upon which the former judgment was rendered, was the same as that of the present suit. It does not follow that, because the former suit was upon the same *paper writing*, the cause of action was the same. The right of action may not then have accrued; and, indeed, the evidence fails to show what the cause of action alleged was, except that the same *paper* was declared on.

If the facts alleged in that count as the plaintiff's cause of action, being admitted or proved, would not entitle the plaintiff to judgment, the judgment thereon for the defendant would not bar or estop the plaintiff from again suing upon the same contract declared on in that count. 1 Chitty's Pl. 198; 3 Green-

leaf's Ev., secs. 35, 36 ; Phillip's Ev., part 2, chap. 2, sec. 2 ; *Benton* v. *Duffy*, Cam. & Norw. R. 98 ; *Stevens* v. *Dunbar*, 1 Blackf. R. 66 ; *Lane* v. *Harrison*, 6 Munford R. 563.

*Judgment affirmed.*