### J. J. PERRY v. BARNEY LEWIS.

1. EXEMPTION LAWS.—The theory, as well as the text, of the exemption laws, is, that the property therein enumerated shall be exempt from seizure and sale, under execution and attachment. Code 1857, art. 280–1.

2. SAME—ACTS 1865, PAGE 137.—This statute indicates two modes to determine *prima facie* the right of exemption. The one, in case of doubt, the sheriff may summon three disinterested citizens to resolve it. Section 4. The other, the judgment debtor may designate the property specially claimed as exempt. Section 5. "And any officer who shall levy or seize property exempt, etc., shall be liable to an action of trespass, or on the case."

3. SAME—RULE AT COMMON LAW.—The rule at common law was that the sheriff must know, at his peril, that the property seized is liable to the writ. If he made an improper seizure, although actuated by good faith, and in mistake, the remedy of the party aggrieved was trespass for the unlawful taking and asportation.

4. FORMER RECOVERY—GENERAL PRINCIPLE.—The general principle is that a judgment between the same parties for the same cause of action is conclusive, as between them. The first action must be competent to dispose of the suit on its merits. The first action is not a bar to the second, if the judgment were rendered for faults in the declaration or pleadings. The true test is, whether the same cause of action was litigated and adjudicated in the former suit. The form of the action may be different, but the grievance and wrong complained of, must be the same in both suits. Agnew v. McElroy, 10 S. & M., 552.

5. CASE IN JUDGMENT.—Although the first action may be misconceived, and might have been defeated for that reason, yet, if the defendant makes no objection, but pleads to the merits, and there is verdict and judgment and satisfaction made, this is a bar to the second suit, for the same cause, and plaintiff will not be heard to object that the first action was improper, and ought not to have been sustained.

Error to the circuit court of Newton county. Hon. ROB-ERT LEACHMAN, Judge.

Lewis sued Perry in the court below, in trespass, for taking and converting to his own use, one horse, two yoke of oxen, and one wagon, valued at $1,000.00. Defendant pleaded not guilty, and specially: 1. That, at the December term of the Newton circuit court, plaintiff had sued him on his official bond, as sheriff of that county for the same trespass in taking said property, and recovered judgment therefor in the sum of $180.00 and costs, which was paid. (To the plea the plaintiff demurred, upon the ground that this was an action of trespass, and the alleged judgment on bond, with satisfaction thereof, is no defense.) 2. That said supposed

trespass was the taking of said property under a lawful writ of attachment issued at the suit of Ward & Co. against Lewis (particulars of which the plea set forth), and so making such levy, defendant, as sheriff, returned said writ into court; and said Ward & Co. executed to defendant, before return day of the writ, a good and sufficient bond of indemnity, conditioned according to law for levying said attachment, which bond was by him duly returned into court with said writ and is in full force. (There was a demurrer to this plea also, on the grounds: 1. That it sets up the indemnity bond as a justification of the trespass. 2. That it did not aver that said property was subject to the attachment. 3. Nor allege that any doubt arose as to title. 4. Nor show that said property was not exempt from seizure and sale under legal process.)

The demurrers were sustained without leave to answer over.

Defendant's third special plea was filed after judgment on demurrer, and was stricken out as being a repetition of the second plea demurred to. It sets up the fact of a previous suit by plaintiff against Perry, as sheriff, and the sureties on his official bond, for the value of said property, in which suit defendant, Perry, by his plea, "acknowledged the sum of $180.78 to be due said plaintiff on account of said property and his acts in relation thereto," and with said plea tendered said sum of money into court, and plaintiff "accepted the same as a full satisfaction of his suit and this claim against said defendant on account of the value of, and defendant's acts in relation to, said property;" that accordingly judgment was entered for said sum and costs, which were paid before commencement of this suit.

Defendant's fourth special plea, to which there is no replication, avers payment of said sum in mitigation of damage claimed, and a bill of particulars is filed therewith.

On the trial the proof was that the levy of the attachment was made as averred in the pleadings, on the property, which Lewis claimed as exempt, although he did not inform the

officer at the time of the levy that the property was exempt. The attorney for the plaintiff in the attachment accompanied the officer, and was told by Lewis that the sheriff "had better have a bond of indemnity," to which the attorney replied, that "it had been provided." Lewis suffered considerable damage; was compelled to break up his business and remove his family to Neshoba county, at great expense; his family suffered from privation, and he was put to considerable expense on account of the levy, attending court, paying attorney's fees, etc. The property is valued at various sums, from $325.00 to $415.00. It sold for $180.00.

The court instructed the jury for the plaintiff:

1. The sheriff is liable for the acts of his deputy; and if the jury believe that the defendant recognized the act of his deputy, and sold the property, he became a trespasser from the beginning. 2. Authorizing the jury to give exemplary, punitive and vindictive damages in view of the enormity of the offense. 3. The jury may render such a verdict as they may think proper, even exceeding the amount proven, and may give "smart money" or vindictive damages if they think the evidence justifies it. 4. If the jury believe that the property levied on was exempt from attachment, they must find for the plaintiff.

The defendant asked the court to instruct the jury, that if they "believed that the property, at the time of the levy, was not worth more than $180.00, they will find for defendant;" which was refused by the court. Defendant asked this charge: "A sheriff cannot be held responsible for the action of his deputy in committing a trespass," which was modified as follows: "The court instructs the jury, that if they believe that J. J. Perry, in his own proper person, or by the directions to his deputy, or his approval of afterwards, was not guilty of the acts complained of as a trespass in plaintiff's declaration, they will find for defendant.

The jury found a verdict for plaintiff, and assessed his damages at $800.00.

Defendant moved the court for a new trial, because: 1.

The court erred in sustaining the plaintiff's demurrers to defendant's second and third pleas.  2. And in striking out defendant's fourth plea.  3. And in giving the instructions. 4. And in refusing those asked by defendant.  5. The damages are excessive.  6. Misconduct of the jury.  The motion was overruled; defendant excepted, and brings his case to this court by writ of error, and for error assigns the judgment of the court below in overruling his motion for a new trial.

*George L. Potter,* for plaintiff in error.

*Harris & George,* for defendant in error.

The reporters find no brief on file on either side in this cause.

SIMRALL, J., delivered the opinion of the court:

The theory, as well as the text of the exemption laws, is, that the property therein mentioned shall " be exempt from seizure and sale under execution and attachment."  Art. 280, 281, Code, 1857, p. 529 ; 1 sec., act. 1865, p. 137.  Two modes are indicated in the act of 1865, to determine, *prima facie,* the right of exemption, (4th and 5th sections).  In case of doubt, the sheriff may summon three disinterested citizens of the county to resolve it.  Under the 5th section, the judgment debtor may designate the property specifically claimed as exempt, " and no property so designated, shall be seized by the officer, otherwise than as provided for in the 4th section."  That is to say, such designation, raises a doubt as to the liability of the property; and before the sheriff shall proceed further, he must refer it, for resolution, to " three disinterested citizens."

The last clause of the 5th section subjects any officer who shall levy or seize property exempt, etc., to the action of trespass on the case.

The rule at common law was, that the sheriff must know at his peril, that the property which he seizes is liable to the

writ. If he made an improper seizure, although actuated by good faith, and in mistake, the remedy of the party aggrieved was trespass for the unlawful taking and asportation of the goods.

In this case, the sheriff did not take the decision of three citizens as to the " exemption " of the property, nor did the debtor specifically designate the several articles as claimed to be exempt. The levy was made on the sheriff's responsibility, and if unlawfully made he incurred liability either in trespass or case.

The greatest difficulty presented for solution is the sufficiency, in law, of the second plea to bar the action. That plea, in substance, sets up that the plaintiff, before the institution of this suit, brought an action of debt upon his official bond, as sheriff, alleging as a breach, " a trespass upon the same property described, and the same, as in the plaintiff's declaration alleged in this suit, the act complained of, as a breach of said bond being the same, and one with the act of trespass in this suit," and that such proceedings were had that the plaintiff recovered judgment for $180.00 and costs, which judgment the defendant has satisfied by paying the $180.00 to the plaintiff.

It is contended by the counsel for the defendant in error that a recovery in the action of debt, upon the bond, is no bar to this action of trespass. The general principle is, that a judgment between the same parties, for the same cause of action, is conclusive between them. The first action must be competent to dispose of the case on its merits, and such disposition has been made. The first action is not a bar to the second if the judgment were rendered for faults in the declaration or pleadings. The true test is, whether the same cause of action was litigated and adjudicated in the former suit. The form of the action may be different, but the grievance and wrong complained of must be the same in both suits. Agnew v. McElroy, 10 S. & M., 552. The plaintiff may show that the latter suit is for a different cause of action. If the defendant plead the former

recovery, the plaintiff may take issue, or he may admit the recovery, and set up that it was for a different subject matter. 3 Chit. Pl., 929, 1159. The plea does, with sufficient clearness, aver that the breach of the bond assigned, was the same trespass as complained of in the plaintiff's declaration in this suit.

But it is said that the plaintiff in the suit upon the bond could not have redress for the trespass. But can the party set up that objection? By voluntarily bringing that suit to obtain damages for the unlawful seizure of his goods, and prosecuting it to judgment, and then accepting the money, ought he not to be precluded from asserting, in this suit, that the action of debt was improvidently brought? The defendant made no objection to the form of the action. The judgment was upon the merits, and then the money was accepted in its satisfaction. The matter in litigation complained of, as the injury, was the unlawful seizure of the exempt property—the same wrong and injury charged against the defendant in this suit. The sheriff might have objected that he was not liable, upon his bond, for the trespass. He, however, waived the point, and contested with his adversary on the merits. After the plaintiff has prosecuted his suit to a recovery, and received the money awarded as compensation, it is too late for him, in this suit, to object to the form of remedy originally adopted. We think the plea, if proved, is a bar to the action. In this view of the case, it is unnecessary to consider the other assignments of error.

Judgment reversed and cause remanded.