## Geo. Philipowski v. Annie E. Spencer et al.

(Case No. 5175.)

1. CONTINUANCE — PRACTICE — BILL OF EXCEPTIONS.— Though the judgment sought to be reversed may show that a continuance was applied for, which was overruled, and exceptions to the action of the court taken, if there be no bill of exceptions in the record showing the action of the court and the circumstances attending the overruling of the application for continuance, the ruling will not be revised on appeal.

2. RES ADJUDICATA.— Generally a former judgment will not be a bar to further litigation regarding the same subject-matter, unless the same vital point was put directly in issue or was fairly within the scope of the pleadings; it is not conclusive of any matter, if the matter be not such that it had of necessity to be determined before the judgment of the court could have been given.

3. JUDGMENT— RES ADJUDICATA.— A judgment or decree is not conclusive as to collateral questions, nor of any matter to be inferred by argument from the judgment.

4. SAME.— In pleading a former judgment in bar it should be averred that there was a trial on the merits; the merits involved in the former proceeding should be set forth, and definite facts should be pleaded showing their determination against the adverse party.

APPEAL from Falls. Tried below before the Hon. B. W. Rimes.

This was an action of trespass to try title, brought by George Philipowski, S. Samuels and W. A. Patrick, against Annie E. Spencer and her husband, H. F. Spencer, for the recovery of two hundred acres of land; suit filed June 25, 1883.

Defendants pleaded general denial or not guilty, and specially that the land was the separate property of defendant Annie E. Spencer; that it was purchased with means owned by her long before her intermarriage with her co-defendant H. F. Spencer, and was not subject to the debts of her husband; that the only title plaintiffs had was acquired by virtue of a sale under execution issued out of the district court of Falls county, Texas, on a judgment ob-

tained in that court against H. F. Spencer at the suit of C. H. Rosenthal and S. Samuels, who, it was alleged, at the time of obtaining that judgment and before, knew that the lands were her separate property, and that the plaintiffs, at the time of sale under execution and long before, knew all the facts and knew that the land they pretended to buy at that sale under execution was Mrs. A. E. Spencer's separate property. The case was tried before the court without a jury, and judgment was rendered for defendants.

*B. L. Aycock*, for appellants, on overruling the motion for continuance, cited: Arts. 2852, 2853, R. S.; Rose *v.* Houston, 11 Tex., 326; Huston *v.* Curl, 8 Tex., 243; Chapman *v.* Allen, 15 Tex., 284; Love *v.* Robertson, 7 Tex., 6; Collins *v.* Turner, Law Rep. of Nov., 1882, p. 560; Eastham *v.* Roundtree, 56 Tex., 115; Broom's Legal Maxims, 730.

*Oltorf & Holland*, for appellees, that the judgment was correct, cited: R. S. of Texas, arts. 2851, 4802; Kirk *v.* Navigation Co., 49 Tex., 213; Parker *v.* Coop, Tex. Law R., July, 1883, 178, and authorities there cited; Spencer *v.* Rosenthal, 58 Tex., 4.

WALKER, P. J. COM. APP.—It is assigned as error that the court erred in refusing a continuance to the plaintiffs. Although it appears from the judgment that the plaintiffs moved for a continuance, and that the application was overruled, and the action of the court was excepted to by the plaintiffs, there is no bill of exceptions in the record showing that action of the court, nor the facts and circumstances attending it. Without such bill of exceptions this court will not revise the ruling complained of. See Sayles & Bassett's Prac., sec. 583, and authorities there cited, and Cone *v.* Wright *et al.*, decided at this term. Besides, the affidavit for continuance does not show sufficient diligence to entitle the plaintiffs to complain that the court improperly exercised its discretion, nor that they had complied with the statutory requirement in respect to showing diligence; neither does it appear that this was their first or second application to continue. Arnold *v.* Hockney, 51 Tex., 48.

The plaintiffs filed a supplemental petition by way of replication to Mrs. Spencer's claim of separate property and ownership of the land, alleging that her title to the same had been "fully and finally determined against her in cause No. 1940, entitled Annie E. Spencer *v.* C. H. Rosenthal *et al.*, in the district court of Falls county, on the 1st day of March, A. D. 1882, district court minutes,

page 359." Alleging further that the same was subsequently affirmed on appeal by the supreme court. The plaintiffs further alleged "that the said Annie E., by putting her title in issue and having the issue finally determined against her, is estopped and barred to further litigate with the plaintiffs; that the parties were the same; and the subject-matter the same in that suit as is here attempted to be set up again — the same right and title."

The defendant Annie E. Spencer excepted to this pleading upon the following grounds, viz.: "That the plea setting up the judgment in cause No. 1940, in this court, is insufficient in law, because nowhere does it appear that any trial was ever had on the merits of said cause; and defendant here alleges that an inspection of the records will show that the suit was by petition for writ of injunction, wherein plaintiff therein endeavored to have her title to said land adjudicated; and claiming that a sale under a writ of execution, issued at the suit of plaintiff in this suit against defendant's co-defendant, H. F. Spencer, and levied on the land sued for by plaintiff, would cast a cloud on this defendant's (A. E. Spencer's) title to said land." Defendant further alleged, in that connection, that the injunction was dissolved because of insufficient averments in her bill to entitle her to equitable relief; that no trial was ever had on the merits.

The court properly sustained the defendant's exceptions to the plaintiffs' supplemental petition. It did not show by any distinct allegation the material and essential fact necessary to constitute the proceedings referred to *res adjudicata*, that the title of Mrs. Spencer to the land was involved in the issues determined in cause No. 1940 under circumstances that rendered the decision made in that case decisive of the question of her right and title to the land. It was but the mere construction of the pleader and a statement of his legal conclusions to allege that her title had been "fully and finally determined against her" in said cause, and that "by putting her title in issue, and having the issue finally determined against her, she is estopped and barred to further litigate with plaintiffs."

Upon what issue was her title determined? What was the subject of litigation between the parties to that suit? From anything that appears by plaintiffs' allegations, it might be true that in that suit her title may have been put in issue by her in some collateral or incidental manner, or in some connection or relation, that the determination of the issue against her would in no wise affect her title, or impugn her right to assert it in another suit with the same party.

A matter is not generally regarded as *res adjudicata* unless there

be a concurrence of the four conditions following, namely: 1st. Identity in the thing sued for; 2d. Identity of the cause of action; 3d. Identity of persons and of parties to the action; 4th. Identity of the quality in the persons for or against whom the claim is made. 2 Bouvier, Dic., 467; Benz v. Hines, 3 Kan., 390; Atchison, etc., R. R. Co. v. Commissioners, 12 id., 127; Bradley v. Johnson, 49 Ga., 412; Davis v. Brown, 94 U. S. (4 Otto), 423; Howard v. Kimball, 65 Me., 30S; 6 Wait's Act. & Def., 770.

It does not appear from the plaintiffs' allegations that there was identity of the cause of action; that the issues in the case involved for its decision the defendants' right and title to the property. As a general rule, a former judgment will not be a bar to further litigation, unless the same vital point was put directly in issue and determined, or was fairly within the scope of the pleadings. 6 Wait's Act. & Def., 785, and cases there cited.

A judgment or decree is not conclusive as to collateral questions, nor of any matter to be inferred by argument from the judgment. 6 Wait's Act. & Def., 785, and authorities cited. It is also there said: "The rule as sometimes stated is, that a judgment is not technically conclusive of any matter, if the matter is not such that it had of necessity to be determined before the judgment could have been given." Citing Niday v. Harvey, 9 Gratt. (Va.), 454; Hunter v. Davis, 19 Ga., 413; Church v. Chapin, 35 Vt., 223; Packet Co. v. Sickles, 5 Wall. (U. S.), 580. "And it has been frequently held that a defendant pleading a previous judgment must show that the cause of action was the same." Citing Cummings v. Colgrove, 25 Pa. St., 150; Smalley v. Edey, 19 Ill., 207; Eaton, etc., R'y Co. v. Hunt, 20 Ind., 457; Dunlap v. Edwards, 29 Miss., 41; Campbell v. Butts, 3 N. Y. (3 Comst.), 173.

The pleading of the plaintiffs failing thus to show what were the matters in issue and the subject of controversy in the suit referred to, its allegations were manifestly insufficient; nor were they in anywise aided by making reference to the minutes of the district court containing the judgment. Neither the court nor the parties were required to notice or inspect the record referred to; if the plaintiffs relied upon the entry referred to, they should have set it forth in their pleading in some appropriate manner; a reference made to it had no significance further than as an averment of the existence of such a judgment, but it did not have the effect to aid the averments in the supplemental petition in respect to its contents or recitals, or to show what was the character of the suit or the issues that were involved in the case.

The objection taken to the pleading was correctly sustained, for it does not show that any trial was had upon the merits. As has been shown, the pleader has not disclosed by any proper averment what were the merits of the litigation, and shows no more definite fact respecting the matters determined than the general result of the suit, viz., a final determination of it against the defendants.

In order that a former judgment should be a bar to any subsequent action for the same subject-matter between the same parties, it must appear that the suit in which it was rendered was determined on its merits. 6 Wait's Act. & Def., 771, and authorities cited. See Magee v. Chadoin, 30 Tex., 644; Houston v. Musgrove, 35 Tex., 594. The true test is, whether the same cause of action was litigated and adjudicated in the former suit. The form of action may be different, but the grievance and wrong complained of must be the same in both suits. Perry v. Lewis, 49 Miss., 443. See Commissioner v. Smith, 5 Tex., 486; Herberger v. Lindsey, Tex. Ct. of App. (White & Willson Rep.), sec. 1167.

The remaining questions under the grounds of error relied on in the brief of appellants' counsel involve virtually the general proposition whether the findings of the court and the judgment thereupon for the defendants is sufficiently supported by the evidence.

The plaintiffs must recover, if at all, on the strength of their own title, rather than upon the weakness of that of the defendants; they must show a complete and perfect title as against that set up by Mrs. Spencer. They deraign title from a common source, and it was admitted on the trial that the plaintiffs' title to the land sued for was good and valid, except in so far as the same might be defeated by the defense set up by the defendants, that it is the separate property of defendant Annie E. Spencer.

It is apparent from the whole case that the concession thus made respecting the validity of the plaintiffs' title was intended to include no more than an admission that the plaintiffs had acquired title under the sale of the land under execution made by virtue of the judgment and execution against defendant H. F. Spencer, in case said Spencer had an interest in the land as community property held between himself and his wife, A. E. Spencer. Hazlewood, it was proved, was the common source of both of the conflicting claims of title, and neither party pretended to assert one derived from any other source or which pertained to any other chain of title.

If, therefore, under the evidence it appear that H. F. Spencer had no interest in the land, the defendant Annie E. Spencer being in possession of the land under her deed, the burden of proof to show

a better title than that which she thus actually held and under which she was in possession was on the plaintiffs, and they could not recover and dispossess her, even though she may not have been able to show a perfect title to herself. The possession of the defendant Annie E. Spencer gave her a right against the plaintiffs until they showed sufficient title. Hughes v. Lane, 6 Tex., 292; Kinney v. Vinson, 32 Tex., 125; Hooper v. Hall, 35 Tex., 82.

The evidence was conflicting, and there was testimony tending to prove that the land was not purchased with the separate means of Mrs. Spencer, but with the funds or assets belonging to the estate of L. G. Scogin, deceased, her former husband. There was, however, distinct evidence to the contrary, showing that Mrs. Spencer's individual means were thus employed to make the purchase from her brother, Hazlewood. The evidence in that behalf cannot, however, be deemed to be entirely satisfactory in view of the rule in cases of this kind, which requires that the fund or separate means thus used shall be clearly and satisfactorily traced, and shown by full proof to have belonged to the wife as her separate property. See Rose v. Houston, 11 Tex., 326; Chapman v. Allen, 15 Tex., 278; Huston v. Curl, 8 Tex., 242.

Such, too, was the view of the judge below, who tried the case without a jury, as indicated in his findings as follows:

"4th. I find that whilst the defendant Annie E. Spencer may have failed to establish with that certainty which the law requires, that said land was her separate property, the evidence nevertheless discloses satisfactorily that the defendant H. F. Spencer, against whom the judgment was rendered in favor of plaintiffs, never had any interest in the *corpus* of said land. And my conclusion of law is that under the above recited findings of fact, the plaintiffs are not entitled under the law to recover judgment for the land in this case, and judgment is therefore rendered for defendant."

For the reasons already given by us it is apparent that we concur in the view above expressed by the district judge.

The implication results from the findings of the court that if Mrs. Spencer did not sufficiently show by clear and indisputable evidence that she was the equitable owner of the land, the only remaining hypothesis admissible under the evidence is that she may have acquired the legal title under circumstances and by means of funds which will charge her as holding the legal title in trust for the heirs of her former husband, or for the benefit of his estate, as the case may be.

Under that aspect of the case the appellants' counsel, in his brief,

urges that it was error in the court to render judgment for the defendants, because they were not entitled to maintain their possession and defense under a title thus acquired and held. In support of which position he cites the cases of Eastham v. Roundtree, 56 Tex., 115; Shields v. Hunt, 45 Tex., 428; Johnson v. Timmons, 50 Tex., 537.

The doctrines maintained in those cases cannot be applied to the benefit of the plaintiffs in this. Mrs. Spencer and her husband are not in a position which requires them to assert a right of possession or claim to the land under the equitable title which she may be supposed to hold for the heirs of L. G. Scogin, deceased, nor does she do so under her pleadings.

It is sufficient, that none of the parties to this suit are entitled to the land, and that the defendants were in possession of it, to defeat the plaintiffs' right to a recovery. The plaintiffs assert no other title than that which was subject to pass by levy and sale to satisfy the debt of H. F. Spencer, and if he had no interest in the land, and the legal title to it was vested in Mrs. Spencer, charged with a constructive trust for the benefit of other parties, clearly the plaintiffs have not divested, by their purchase, the beneficiaries of the trust, nor entitled themselves to the possession of the land as against the holder of the legal title in possession of the land.

We conclude that the judgment ought to be affirmed.

AFFIRMED.

[Opinion adopted February 6, 1885.]