## THOMAS LUCAS v. SAMSON HEIDENHEIMER.

### (No. 2463.)

APPEAL from Galveston County. Opinion by WILLSON, J.

JAMES B. STUBBS, counsel for appellant.

A. SAMPSON and JOHN LOVEJOY, counsel for appellee.

§ 360. *Res adjudicata; rules as to; case stated.* On the same day, in justice's court, appellee instituted two separate suits against appellant. Appellee had contracted in writing with appellant for the erection by the former upon the latter's premises of a dwelling-house and other improvements at a stipulated price — $1,475. Thereafter the parties entered into an additional contract in writing for other work to be performed by appellant. During the time that appellant was performing said contracts appellee paid him various sums of money, amounting in the aggregate to $150 more than the contract prices of the work done by appellant under both contracts. One of said suits, No. 8435, instituted by appellee against appellant, was to recover said $150 overpaid appellant. In instituting said suit appellee filed an itemized account, showing each payment made by him to appellant, and crediting appellant with the contract prices of the work done. One of the credits made in said account is the full amount of the first contract — $1,475. In said suit appellee recovered judgment for $89.53. The other of said suits, and the one now before the court, was instituted by appellee to recover damages for an alleged breach by appellant of said first contract; said breach consisting in the failure of appellant to complete certain

work specifically named in said contract. In bar of this suit appellant pleaded the judgment which had been rendered against him in the other suit, No. 8435, claiming that said judgment was *res adjudicata* of the matters involved in this suit. In justice's court appellee recovered judgment for the sum of $147 and costs, from which appellant appealed to the county court, where, on a trial *de novo*, appellee again recovered judgment for said damages and costs. *Held:* It is a well-settled general rule that the judgment of a court of competent jurisdiction is not only final as to all matters determined thereby, but also as to all matters properly involved in the issue passed upon and determined by the court, and as to all matters put in litigation in a suit, and which could have been adjudicated therein. This general rule, however, is not to be understood as embracing matters which were incidentally adjudicated in the former suit, but only such matters as were material in the former suit, and as were therein put directly in issue, and were in fact, or necessarily, adjudicated in disposing of the subject-matter in controversy. The true test seems to be whether the same cause of action was litigated and adjudicated in the former suit that is involved in the second suit. Is the grievance or wrong complained of in both suits the same? If not, the matter is not *res adjudicata;* but if the same, the judgment is a bar to the second suit. [Philipowski v. Spencer, 63 Tex. 604; Teal v. Terrill, 48 Tex. 491; Cook v. Burnley, 45 Tex. 97; Hall v. Morrison, 20 Tex. 179; Horton v. Hamilton, id. 606; Lee v. Kingsbury, 13 Tex. 68; Foster v. Wells, 4 Tex. 101; Weathered v. May, id. 387; *ante,* §§ 57, 106.] In this case the causes of action in the two suits are not the same, but are separate and distinct. It was clearly shown that the damages claimed in this suit were not an issue adjudicated directly in the former suit, nor material to be adjudicated in that suit, nor in any manner necessarily involved in that suit. The fact that in stating his account in the former suit appellee credited ap-

pellant with the full contract price of the work called for in the first contract did not preclude him from claiming in this suit that a portion of said work had not in fact been done. Said credit was made for the purpose merely of. showing the amount which appellee had overpaid appellant for the whole work called for under both contracts. It was evidently not made or intended as an admission by appellee that appellant had fully performed the contracts. Under the facts of the case the plea of *res adjudicata* was properly disregarded.

February 11, 1888.                           Affirmed.