WEST TEXAS BANK & TRUST CO. v. RICE. (No. 5672.)

(Court of Civil Appeals of Texas. San Antonio. May 3, 1916.)

1. JUDGMENT ⚚540—RES JUDICATA.

Identity of parties and of causes of action are essentials to creating res judicata.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1079; Dec. Dig. ⚚540.]

2. JUDGMENT ⚚725(1)—CONCLUSIVENESS.

A judgment is not technically conclusive of any matter, if the matter is not such that it had of necessity to be determined before judgment could be given.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1255–1257; Dec. Dig. ⚚725(1).]

3. JUDGMENT ⚚683 — RES JUDICATA — PARTIES.

Where judgment was obtained by the remote assignee of a claim against the debtor and the immediate assignee, the principle of res judicata does not apply in an action by one of the original assignors against such remote assignee for misappropriating the proceeds of the claim.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1206; Dec. Dig. ⚚683.]

4. ESTOPPEL ⚚90(1)—ESTOPPEL IN PAIS.

Where the part owner of a claim, which he and the other owners assigned to one of their number for collection, the assignee transferring to his bank the whole of the claim in consideration of its extension of his indebtedness, upon learning that the bank was suing the debtor and the assignee, went to the bank and was told that the cause was being prosecuted in his interest, such part owner was not estopped to claim his portion of the proceeds because he did not protest or ask to be made a party to the suit brought by the bank.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. §§ 242, 243, 249, 251–255; Dec. Dig. ⚚90(1).]

Appeal from Bexar County Court for Civil Cases; John H. Clark, Judge.

Suit by Robert H. Rice against the West Texas Bank & Trust Company. From a judgment for plaintiff, defendant appeals. Judgment affirmed.

Boyle & Storey, of San Antonio, for appellant. L. H. Browne, of San Antonio, for appellee.

FLY, C. J. This suit originated in the justice's court, where appellee sought to recover of appellant the sum of $145.74, which it was alleged had been appropriated by appellant to its own use and benefit. In the justice's court appellee recovered a judgment for $145, and appellant perfected an appeal to the county court of Bexar county for civil cases. In the latter court the cause was tried without a jury, and judgment rendered in favor of appellee for $162.49.

This case must be determined upon the facts, which show that on October 20, 1911, I. M. Moore, Delcambre & Jones, Woods & Paschal, and W. C. Lott held a claim against J. M. Ramsey for certain commissions for the sale of real estate; that, desiring to put the claim in the hands of one man, all the parties transferred their parts of the claim to W. C. Lott, with the understanding that he should collect his part and theirs also, and then settle with them. Lott paid no consideration for the transfer. On November 21, 1911, Lott, in consideration of an extension of his indebtedness to appellant, sold and transferred to it the whole of the claim against Ramsey. Appellant knew that Lott owned only a part of the debt against Ramsey, for the matter was fully explained to appellant by A. M. Delcambre before he signed the transfer to Lott, and the bank president informed him that his interest would be protected by appellant. Afterwards appellant sued Ramsey and Lott on the claim, and obtained judgment. During the trial I. M. Moore, an owner of an interest in the claim, learned that the claim had been transferred by Lott to appellant, and he went immediately to the bank and was assured that his rights would be protected. Moore got his part of the judgment by a sale to Lott. Woods & Paschal were also paid their part of it. On October 25, 1913, A. M. Delcambre assigned his part of the judgment to appellee.

[1-3] The question of res judicata as to Delcambre could not arise in this case, for the suit was instituted and prosecuted for his benefit, as well as the other owners of portions of the claim. If it was not prosecuted in his behalf, the principle of res judicata could have no application whatever. Delcambre was not a party to the suit, there was no identity of the cause of action, no identity of parties, nor any other essential to creating res judicata. The same vital point was not at issue in the two cases. In the first case the issue was as to the indebtedness of Ramsey and Lott to appellant; in this case the issue was as to the indebtedness of appellant to appellee. "The rule, as sometimes stated, is that a judgment is not technically conclusive of any matter, if the matter is not such that it had of necessity to be determined before judgment could have been given." Philipowski v. Spencer, 63 Tex. 604. None of the essentials of res judicata is found in this case.

[4] Appellee is not estopped on the ground of res judicata, nor on any ground indicated by the facts, which fail to show any act or conduct upon the part of Delcambre that raise the issue of estoppel. As soon as he learned that appellant was suing for the whole debt, he went to appellant and learned that the cause was being prosecuted in his interest. Delcambre was not called upon to protest or ask to be made a party to the suit brought by appellant against Lott and Ramsey, because he had been assured that appellant would protect his interest. The attorney of appellant in that suit thought the different parties to the transfer to Lott had an interest in the judgment, and when he collected it he placed it to the credit of his firm in appellant's bank, with a view to the distribution to each party as his interest might appear. The amount, without the knowledge or consent of the attorneys, was transferred from that account into the funds of the bank. Still appellant recognized its trusteeship of the fund after that, and settled with some of the claimants, and did not repudiate the trust until Delcambre demanded his part. He was entitled to it, and when he transferred his claim to appellee the latter was entitled to it, and the justice and county courts properly awarded it to him.

The judgment is affirmed.