### JOHN D. MORRISON V. A. H. CHANDLER.

1. TAX SALE.—Morrison *v.* Loftin, *supra*, approved.
2. JUDGMENT.—A judgment only binds parties and privies; a purchaser of land is not affected by a recovery of the land by suit against the vendor brought subsequent to the sale.
3. DEED—CONDITION.—A purchaser of land is not affected by a condition to the deed by which his vendor held the land, as to matters to be performed by the parties subsequent to its execution.
4. FRAUD.—See transactions and proceedings criticised by the court.

APPEAL from Henderson. Tried below before the Hon. M. H. Bonner.

This case is dependent in the main upon the facts given in the preceding case, Morrison *v.* Loftin. The additional facts appear sufficiently in the opinion.

*T. J. Word*, for appellant.

*Reagan, Greenwood & Gooch*, for appellee.

MOORE, ASSOCIATE JUSTICE.—This action, as originally brought, was by injunction to stay the proceedings in a suit of forcible entry and detainer pending before a justice of the peace, and to remove a cloud from the plaintiff's title to the land, the possession whereof was in controversy in said justice's court, but, by various amendments, it seems, with the mutual consent of the parties, to have been practically converted into a simple action of trespass to try title.

If the exceptions which were originally taken to the petition had been urged, there would be much difficulty in holding that the facts alleged justified the interposition of a court of equity to stay a proceeding at law. We do not see that the bringing an action of forcible entry and detainer merely, would result in any injury to the owner which would require the interposition of equity. Unless the justice decided the case erroneously, no injury would

be done, and if he should, his error may be corrected by appeal to the District Court. But as the exceptions were not submitted for the ruling of the court, they must be regarded as abandoned.

Numerous objections to different rulings of the court were taken during the progress of the trial. Most of them, however, have been passed upon in the case of Morrison v. Loftin, decided at the present term, in which some of the same matters involved in this case were in litigation.

In no aspect in which the case can be viewed does it appear that appellant has any legal or equitable right to the land in controversy. If, therefore, the court has fallen into error in passing upon any of the many questions it was called upon to decide, no injury has resulted to appellant.

If the decree of the County Court for the sale of unrendered lands, the list of unrendered lands, the deed to H. M. Morrison for the land purchased at tax sale, and the deed from H. M. Morrison to appellant, had been admitted in evidence, they would not have changed the result of the case one iota. The order of sale by the County Court being, as was held in Morrison v. Loftin, a nullity, there was no authority to sell the land, and the purchaser acquired no title, and could convey none. These instruments would have shown, however, that appellant claimed the land by a defective chain of title under Loftin, from whom the appellee gets his title.

Nor would the introduction of appellant's judgment against J. Z. Chandler have been of any greater service to him; for if he relied upon this judgment as evidence of title, through J. Z. Chandler, appellee also claimed title under him by a deed which was of older date than appellant's judgment. It was neither alleged nor proved that appellee was a *lis pendens* purchaser. Appellant admits that he was informed of appellee's purchase before the judgment, but says appellee knew of his suit, and did not set up his deed, and therefore he supposed that he had

taken the land and was holding it just as J. Z. Chandler did, and he should be estopped from controverting that this judgment vested the title to the land in him. The failure of a purchaser to set up his title in a suit to which he is not a party is certainly no ground of estoppel. If appellee took the land charged with any equity of appellant, or has it under such circumstances as to hold the title in trust for him, appellant may, in a suit for this purpose, subject the land to his charge or enforce the trust; but this will not enable him to divest the title out of appellee by a suit to which he was not a party.

Nor would the result of the case have been different if the evidence to prove the alleged conditional character of his deed to J. Z. Chandler, appellee's vendor, had been admitted. What if the deed was made upon the condition appellant alleges? A condition, if not illegal or against public policy, does not necessarily annul a deed. The condition upon which the deed was delivered is alleged to have been that appellant should bring the suit upon which he is now relying, and if he got judgment, either he or said Chandler should then sue Loftin for a breach of warranty in his deed, and appellant should have whatever was recovered from Loftin in consideration of this conveyance from appellant to Chandler. The basis or foundation for this arrangement was evidently that appellant should get a judgment against Chandler, upon which a breach in Loftin's covenant of warranty could be asserted. This appellant failed to do, as is shown by the judgment of Loftin against him. Therefore, no such suit for damages as was contemplated can be maintained. If the consideration for the deed has failed, so has that which induced Chandler to let appellant have the judgment against him for the land. When we look at the whole transaction, it is evident that it was not the intention that the title should ever in fact vest in appellant. If we say the judgment was for a fraudulent and improper purpose, and

therefore no relief will be given against it, so was the deed; and appellant can no more be heard to complain of it than can appellee or his vendor be relieved from the judgment. It would, indeed, be strange if appellant could be permitted to show that he had concocted a scheme for making a mockery of the court and prostituting its judgment to aid in chicanery and fraud to relieve himself from his stipulations, and thereby make the judgment thus obtained available in a manner not intended against his confederates. While courts will not in such cases interfere for the relief of either party, it is fortunate if it so happens that, by leaving them as they have placed themselves, none of them will be benefited by their scheming.

In the present case no rule of law is violated, justice between the parties is attained by the judgment, and it is therefore affirmed.

AFFIRMED.