SMITHERS, Respondent, vs. BRUNKHORST, Appellant.

*October 10—November 8, 1922.*

*Intoxicating liquors: Damages under Volstead Act: Exemplary damages: Malice: Concurrent jurisdiction of state and federal courts: Excessive damages: Trial: Appearance: Waiver of defective service: Objections to jury: Preservation of exceptions: Review.*

1. In an action to recover damages for the unlawful sale of intoxicating liquor to plaintiff's husband, wherein defendant appeared by his attorneys and participated in the trial by cross-examination of plaintiff's witnesses, such appearance and participation constituted a waiver of personal service of summons or failure to give the eight days' notice required by sec. 2891, Stats. 1921, and the rendition of judgment as by default was proper.

2. Where exceptions are not preserved in the bill of exceptions, errors in receiving or rejecting evidence will not be reviewed.

3. Going to trial without objection to collective jury waives all objections previously made and all irregularities in selecting the jury, unless an objection be made thereafter before verdict.

4. Defendant, not having answered, attempted to offer evidence in diminution of damages, and the court remarked "I do not think you are entitled to put any evidence in." Counsel for defendant said "All right; I wish to have it entered as a matter of record that the court is without jurisdiction to try the case." *Held* that, there being an acquiescence rather than an objection to the ruling, the alleged error cannot be reviewed.

5. This action being brought under the Volstead Act (41 U. S. Stats. at Large, 305, ch. 85), which expressly provides that the plaintiff may recover exemplary as well as actual damages occasioned by the unlawful sale of intoxicating liquor, exemplary damages may be recovered without a showing of malice or vindictiveness on the part of the defendant.

6. A state court may enforce a right of action for damages created by the Volstead Act for the unlawful sale of intoxicating liquor, since where an act of Congress in general terms confers a right and does not limit the courts in which such right may be enforced, state courts have jurisdiction.

7. An award of $3,500 is not excessive, as the persistent unlawful acts of the defendant justified the assessment of substantial exemplary damages, and the damages sustained were substantial.

APPEAL from a judgment of the circuit court for Fond du Lac county: CHESTER A. FOWLER, Circuit Judge. *Affirmed.*

This action was brought to recover damages occasioned by the unlawful sale of intoxicating liquor to plaintiff's husband. The defendant demurred to the complaint. The demurrer was overruled. The defendant made no answer. Damages were assessed by a jury as upon default pursuant to sec. .2891, Stats.

The evidence showed that plaintiff and her husband were, respectively, twenty-eight years of age and had four children. He was an automobile mechanic. Before the spring of 1920 he was employed at good wages. They had a good home and about $600 in the bank. During the spring of 1920 he commenced drinking. He secured liquor from the defendant, went from bad to worse, lost his job, squandered his bank account, and his family came to want. On February 5, 1920, he was committed to the Northern Hospital for the Insane, where he was confined for about seven weeks. Since his discharge he has been a good, sober man and worked steadily when he had work. Plaintiff repeatedly requested defendant to refrain from supplying her husband with liquor, but he refused.

The jury returned a verdict for $3,500, upon which judgment was rendered in favor of the plaintiff, from which the defendant brings this appeal.

For the appellant there was a brief by *Reilly & O'Brien* of Fond du Lac, and oral argument by *J. E. O'Brien.*

*H. E. Swett* of Fond du Lac, for the respondent.

OWEN, J. Appellant asserts as error the rendition of judgment as upon default because of a lack of personal service of the summons, and a failure to give eight days' notice of assessment of damages as required by sec. 2891, Stats. The proof of service of summons does not disclose a valid personal or substituted service. The affidavit of the constable recites that he made service "by delivering to and

leaving with the wife of the defendant a true copy thereof," but fails to disclose that it was left at the usual place of abode of the defendant, as required by sec. 2636, Stats. It does not seem necessary to inquire whether a personal service of the summons is indispensable under sec. 2891 for the rendition of a default judgment in a case like this, where the defendant has appeared in the action and interposed a demurrer to the complaint.

The bill of exceptions shows that the action "was brought on for trial at the regular November term of said court for the year 1921 and was tried by the court with a jury, H. C. Swett appearing for the plaintiff and Messrs. Reilly & O'Brien appearing for the defendant." Whether the case was regularly upon the calendar for that term of court does not otherwise appear of record, although the opinion of the trial judge denying a motion for a new trial so recites. If the court had acquired jurisdiction of the parties and the case was duly noticed for trial and it was regularly upon the calendar and in due course reached for disposition, it may well be doubted whether the giving of another eight days' notice in compliance with sec. 2891 was necessary. However that may be, the appearance of the defendant by his attorneys and participation in the trial by the cross-examination of plaintiff's witnesses, upon the most fundamental principles, constitutes a waiver of all conditions precedent to the rendition of judgment as by default, required by the provisions of sec. 2891. The bill of exceptions shows that Mr. O'Brien, one of appellant's attorneys, cross-examined all of plaintiff's witnesses, and upon the conclusion of plaintiff's testimony offered witnesses to testify in defendant's behalf. The appearance and participation in the trial waived all formalities and conditions precedent to the rendition of judgment as upon default, and appellant is in no position to claim prejudicial error because of a lack of personal service of summons or a failure to give the eight days' notice required by sec. 2891.

It is further assigned as error that the jury was not properly impaneled ánd that the court erred in receiving certain hearsay testimony on the part of the plaintiff.  Neither of these alleged errors is available to appellant, for the reason that no exceptions were preserved with reference to either. It is well settled that errors in the receipt or rejection of evidence will not be reviewed by this court in the absence of an exception preserved to the adverse ruling in the bill of exceptions.  *Tomlinson v. Wallace,* 16 Wis. 224, and cases cited in note.  Going to trial without objection to collective jury waives all irregularities in selecting them unless an objection be made thereafter before the verdict is received.  It waives all objections previously made unless renewed in the manner indicated.  *Emery v. State,* 101 Wis. 627, 78 N. W. 145.

At the conclusion of plaintiff's evidence the following proceedings were had: Mr. O'Brien called Mr. Brunkhorst as a witness in behalf of defendant.  Plaintiff's attorney objected to "any evidence on the part of the defendant offered in rebuttal or otherwise, as this is a default."  The court: "There is no answer in the case.  I do not think you are entitled to put any evidence in."  Mr. O'Brien: "All right; I wish to have it entered as a matter of record that the court is without jurisdiction to try the case."  The court: "It may be entered, but your objection is overruled."  Appellant now claims that he was entitled to offer evidence in diminution of damages; that the testimony of the witness called by him was intended to be offered only for that purpose and that it should have been received, upon the authority of *Bartelt v. Braunsdorf,* 57 Wis. 1, 14 N. W. 869.  Doubtless the evidence should have been received.  But it does not appear that any exception was taken to the ruling of the court in refusing to receive the evidence.  The record rather indicates an acquiescence in such ruling by appellant's attorney.  When the court said "I do not think you are entitled to put any evidence in," the response from ap-

pellant's attorney was, "All right; I wish to have it entered as a matter of record that the court is without jurisdiction to try the case." There being no exception, the alleged error cannot be considered.

The court charged the jury as follows:

"You may also allow in your verdict, in addition to compensation to the plaintiff, such sum, if any, as you see fit by way of exemplary damages. That is, damages by way of punishment to the defendant and as example to others, to deter him and others from the commission of like wrongs in the future."

This instruction is assigned as error, it being claimed that the court had no power to decide as a matter of law that this particular case was one calling for the imposition of exemplary damages in the discretion of the jury. In support of this contention appellant cites *Haberman v. Gasser,* 104 Wis. 98, 80 N. W. 105. It is true that under the rule obtaining in this jurisdiction exemplary damages are only to be awarded in case of malicious or vindictive conduct or conduct evincing gross or criminal negligence, and, as a rule, whether such conduct exists is a question for the jury. However, this action is based upon the so-called Volstead Act (41 U. S. Stats. at Large, 305, ch. 85), which in undoubted terms gives plaintiff a right of action and which provides that plaintiff "shall have a right to recover actual and exemplary damages." As the statute creating the right of action expressly provides that the plaintiff may recover exemplary as well as actual damages, it was not necessary to show malice or vindictiveness on the part of defendant. The act of the defendant constituted an unlawful act. It was a violation of federal law. The law of Congress which made his act in furnishing liquor to plaintiff's husband unlawful gave her this right of action and provided that she might recover exemplary damages. It was therefore proper for the court to instruct the jury that they might assess exemplary as well as compensatory damages.

It is next claimed that the court was without juris-

diction to try this case. This claim rests upon the proposition that the right of action here sought to be enforced was created by federal law and that only federal courts have authority to enforce the same. It is well settled that, where an act of Congress in general terms confers a right and does not limit the courts in which such right shall be enforced, state courts have jurisdiction. This question was recently and fully treated in *Chicago, M. & St. P. R. Co. v. Mc-Ginley,* 175 Wis. 565, 185 N. W. 218, and a reference to that case and the authorities there cited is a sufficient response to this contention.

Finally, it is urged that the damages are excessive. The damages sustained were very substantial. The unlawful act of defendant justified the assessment of substantial exemplary damages. While the damages awarded cannot be said to be meager, neither can they be said to be excessive. The flagrant and persistent violation of law resulting in the consequences here disclosed justified severe treatment, and, as much rests in the discretion of the jury, we are not disposed to disturb the instant verdict.

We find no reversible error, and the judgment must be affirmed.

*By the Court.*—Judgment affirmed.