## WIGGINS v. STANDARD ACC. INS. CO.
### No. 9067.

Court of Civil Appeals of Texas. San Antonio.

May 10, 1933.

Rehearing Denied June 21, 1933.

Greenwood & Lewis, of Harlingen, for appellant.

Eskridge & Groce and Geo. S. Rice, Jr., all of San Antonio, for appellee.

SMITH, Justice.

Henry Wiggins claims to have been accidentally injured in the course of his duties as an employee of a subscriber who was insured, under the Workmen's Compensation Act (Vernon's Ann. Civ. St. art. 8306 et seq.), by the Standard Accident Insurance Company.

Wiggins filed his claim with the Industrial Accident Board, from whose award in Wiggins' favor the insurance company appealed to the district court. While the proceeding was pending in that court, the parties agreed upon a settlement, which was submitted to the court and approved in a judgment in favor of Wiggins against the insurance company for $1,000, including attorney's fees.

The alleged injury occurred on January 8, 1929, the award was made on February 9, 1931, and the judgment on appeal was rendered in the district court on March 9, 1931.

Subsequently, at an undisclosed date prior to February 2, 1932, when plaintiff's second

amended petition was filed, Wiggins brought this present action in the nature of a bill of review to set aside the former judgment, reopen the case, and recover additional compensation in the sum of $7,020. The trial court sustained numerous special exceptions, as well as the general demurrer to Wiggins' amended petition, and Wiggins, declining to amend, has appealed from the resulting judgment of dismissal. The parties will be herein designated as plaintiff and defendant, respectively, as in the trial court.

In his second amended original petition plaintiff efficiently alleged that on January 8, 1929, he was accidentally injured in the course of his employment with a subscriber to the Workmen's Compensation Act "as a mechanic and operator of tractors, trucks and other power machinery for the Port Isabel Company in its development on the Gulf Coast in Cameron County, Texas," for which he received wages of $150 a month; that the injury proximately resulted, ultimately, in epilepsy, which has "totally and permanently disabled" him from performing the duties of his said occupation, whereby he is entitled to compensation in the amount of $20 a week for 401 weeks, under specific provisions of the Compensation Act (see Vernon's Ann. Civ. St. art. 8306, § 10).

But plaintiff did not allege the jurisdictional facts that within thirty days of the injury he gave notice thereof to the employer or insurer, or that within six months he filed his claim with the Industrial Accident Board, as required in familiar provisions of the statute. Both facts were essential to the original jurisdiction of the board over the claim, and to the jurisdiction of the district court over the appeal. We have concluded, however, that such facts must be presumed from the conceded facts alleged in the petition, that the board originally and the district court on appeal took cognizance of the claim and adjudicated it, as well as from express recitals embraced in a copy of the former judgment of the district court, which was attached to the petition by which the court tested the general demurrer.

It was further alleged by plaintiff that following the accident his said affliction of epilepsy "gradually developed," and by the end of the first year he began to have epileptic convulsions and lapses of consciousness, which increased in frequency, so that at the time of the agreed settlement and entry of judgment he was mentally incapacitated to enter into that contract or consent to the judgment thereon, in that he was unaware of the nature or extent of his injury and affliction; whereas, on the other hand, the defendant, which had taken charge of plaintiff's case and placed the same in the hands of its own doctors, was fully aware of his condition, the progressive nature and extent of his affliction, and his consequent incapacity to contract, and purposely concealed the true facts from him and his father and next friend, in order to overreach them and deceive them into making said compromise, and by those deceptions did procure said settlement. And plaintiff alleged "that said judgment, agreement and award were and are unjust, unfair, inequitable and grossly inadequate and the same were procured through fraud, accident and/or mistake and through the incapacity of the Plaintiff, Henry Wiggins to know and realize his condition and the nature and consequences of his acts in connection with the same, and without the real consent of the said Henry Wiggins, as hereinafter more fully set out, and had the said Henry Wiggins been fully aware of the same or been competent to have entered into such an agreement or settlement, or had his father and next friend, the Plaintiff, J. B. Wiggins, been fully advised, the same would not have been made or approved or ratified, nor would the Plaintiffs have accepted any benefits thereunder."

The foregoing facts were alleged in more or less general terms, some of which were mere conclusions of the pleader, although it is perhaps true that when aided by the intendments inherent in allegations so attacked they were sufficient, standing alone, as against the general demurrer. But the whole purpose and effect of those allegations were defeated by the further specific allegation that the plaintiff was in full possession and had the free use of all the mental and physical faculties required or used by him in the performance of his duties in the course of his employment with the subscriber when he returned to that same employment shortly after the accident, and that he then continued to perform all those duties and earn and receive his full wages therefor up to and including the time of the agreement of settlement and entry of the judgment he here seeks to set aside, which was more than two years after the accident occurred, and, so far as there are any allegations to the contrary, he may still be performing those duties and earning and collecting said wages up to the present day. Being in full possession and having free use of all those normal faculties up to and through the day of settlement, as alleged by him, then it must be presumed that he was equally capacitated to make and execute a settlement of his claim for compensation for temporarily interrupted but then fully resumed pursuit of his chosen occupation. These specific affirmative allegations of mental capacity certainly outweigh and overcome the more general allegations of incapacity.

Moreover, it further appears from exhibits attached to plaintiff's petition, from which we have assumed to draw inferences of jurisdictional facts, that plaintiff was represented

by reputable counsel of well-known ability and probity in the prosecution of his claim before the Industrial Accident Board, as well as in the district court; that said counsel participated in the negotiations for settlement and in the hearing which led to the approval of the settlement by the district judge; that the latter heard evidence upon the questions of the fairness and justice of the settlement agreement and upon such evidence rendered judgment that "the Court, after having heard and considered said agreement and being of the opinion that this is a proper suit for settlement and finds that said compromise agreement and settlement is just, fair and equitable, and that the same should be in all things approved by the Court."

Such findings and decree certainly outweigh and overcome the more or less general conclusion of the pleader that the plaintiff was overreached and the trial court misled into rendering an unjust decree. There was no allegation that judgment was rendered upon perjured testimony, or that plaintiff's counsel colluded with the defendant, or that plaintiff's next friend was deceived and prevented from challenging the proceedings or questioning the settlement or judgment at the time rendered, or that plaintiff or his next friend was fraudulently deterred from moving for a new trial at the next term, or the next, or the next.

Plaintiff showed he was 26 years of age at the time of the settlement and trial. His petition shows he was in the possession and actual use of all the mental and physical faculties which he had theretofore normally used in the everyday affairs of his life. He was represented by able and reputable counsel. Both he and his counsel were present and negotiated the settlement and joined in the trial and in procuring entry of judgment thereon. His father apparently was likewise present and was as competent then as afterwards to protest and file suit as next friend. All these facts are apparent from plaintiff's petition, and negative the general allegations of overreaching and diligence.

Plaintiff's petition was not verified by affidavit, and defendant makes the point that that omission rendered the pleading bad on general demurrer. This contention is supported by authority [Warne v. Jackson (Tex. Civ. App.) 273 S. W. 315; Lindsey v. Panhandle Const. Co. (Tex. Civ. App.) 46 S.W. (2d) 339], but we prefer not to rest this decision upon that holding, but rather upon the holding that plaintiff's general allegations of his own mental incapacity to be bound by the settlement and judgment, and his own diligence-and that of his representatives in moving to set aside judgment, are overcome and outweighed by his specific allegations affirmatively showing he was in full possession and

had the free use of his normal faculties and was fortified by the presence and aid of able and reputable counsel, and apparently of his father, as well, and showing, too, a total lack of diligence on the part of himself and his representatives in moving to nullify the judgment complained of. It should be added that counsel employed by plaintiff in the former proceedings do not represent him in the present proceeding, but the same judge who rendered the former judgment also passed upon plaintiff's pleadings in this proceeding, and sustained the general demurrer thereto.

The judgment is affirmed.