Mrs. Priscilla Goodrich BARNARD et vir,
Appellant,

v.

Robert C. KULDELL, Appellee.

No. 13794.

Court of Civil Appeals of Texas.

Houston.

Sept. 14, 1961.

Richard B. Miller, Thomas E. Berry and Robert J. Piro, Houston (Baker, Botts, Andrews & Shepherd, Houston, of counsel), for appellant.

Warren P. Cunningham, Jr., Houston, for appellee.

WERLEIN, Justice.

Appellant appeals from an order of the trial court granting a summary judgment against her on her bill of review brought to set aside that part of the judgment partitioning the community property in the divorce suit styled Priscilla Kuldell v. Robert C. Kuldell, No. 440,177 on the docket of the 61st Judicial District Court. No evidence was presented on the hearing for summary judgment. The court's order is based solely upon the pleadings of the parties and arguments of counsel.

Appellant contends that the trial court erred in granting appellee's motion for summary judgment because the pleadings raised genuine issues as to material facts.

Appellant's first amended original petition, upon which the hearing was had, was not verified. There is authority for the proposition that a bill of review is invalid if it is not verified. Warne v. Jackson, Tex.Civ.App.1925, 273 S.W. 315; Patrucio v. Selkirk, Tex.Civ.App., 160 S.W. 635, writ ref.; Wiggins v. Standard Acc. Ins. Co., Tex.Civ.App., 61 S.W.2d 579, writ ref.; McDonald, Texas Civil Practice, Vol. 4, Sec. 18.27, p. 1491. We prefer, however, not to rest our decision upon such holding, but upon the ground that appellant's pleading is inadequate as a matter of law. Pleadings may be so faulty upon their face as to justify the rendition of a summary judgment. Brownson v. New, Tex.Civ. App., 259 S.W.2d 277, writ dism., and authorities cited therein.

Appellant alleged in substance that appellee furnished an inventory of the community property of the parties in the divorce suit showing certain items of property numbered 1 to 10, inclusive; that appellant, relying upon such inventory, entered into a property settlement agreement with appellee on August 5, 1954; that about December, 1957 the Internal Revenue Service of the United States served appellant with a notice of a proposed deficiency in her income tax on income received by the parties prior to the date of the divorce, October 5, 1954; that the contention of the Revenue Office was that the community income for the period in question amounted to some $48,000 in excess of all proper business deductions, whereas the separate returns made by appellant and appellee after the divorce showed that the income was $32,000 in excess of all proper business deductions; that the Internal Revenue Office disallowed certain business deductions in the amount of some $16,000, thereby increasing the community income by such amount to a total of approximately $48,000.

Since it is alleged that income tax returns for the period in question were separately made by appellant and appellee on a cash basis, it seems probable that appellee showed in his income tax return the same amount of community income and community deductions shown in appellant's return and that therefore appellee may also have to pay an additional income tax because of the Government's disallowance of certain deductions.

Paragraph 6. of appellant's pleading, with respect to concealment of income, reads as follows:

"Your Petitioner would show the Court that either Robert C. Kuldell did not receive any such purported $32,000 or $48,000 above true and proper expenses which purported $32,000 or $48,000 was thereafter spent for living expenses or business investments prior to August 5, 1954 or October 4, 1954 or that if Robert C. Kuldell did so receive such purported sums of income he concealed, hid or otherwise kept same from the knowledge of Petitioner and this Court."

It is difficult to understand how appellee concealed any of such income from appellant if both separate income tax returns reflected the same thing as to the community income and deductions. In any event, it is our view that appellant's allegation is entirely too indefinite and wholly inadequate to show that the disallowance of deductions increased the community income, or that because of such disallowance there was any income on hand not included in the inventory at the time it was furnished appellant and the partition agreement was executed. Such allegation merely alleges alternative inferences and conclusions of the pleader. It does not allege facts that would warrant setting aside the judgment partitioning the community property.

Appellant alleges that because of the fraudulent inducement on the part of appellee that he had disclosed all of the community property of the parties, she entered into a property settlement agreement which was unfair to her. Such conclusion is based upon the income tax returns and deductions. The allegation that deductions were disallowed by the Internal Revenue Service appears to be of no significance. Such disallowance would necessarily increase the taxable income of the parties, but not the gross income, nor does it show that any such income was on hand or unexpended at the time the inventory was furnished by appellee to appellant and her attorneys.

Neither the petition in Cause No. 440,177 nor the alleged agreement, nor the judgment entered in the divorce suit, is included in the transcript or made a part of the record herein. Hence, we are unable to determine what property was partitioned to appellant and what was partitioned to appellee. Without such information, we cannot determine whether such partition was fair or otherwise, nor can we determine

that appellant would be entitled to any additional property should we conclude that there are any grounds which might warrant setting aside the partition of the community property in the divorce suit. The law is well settled that a bill of review must show that the plaintiff has a meritorious claim which he did not have an opportunity to present adequately. It must allege propositions, which, if established, would justify a conclusive decree. The fact that the Government disallowed certain deductions and gave deficiency notices of additional amounts due from the parties does not show that appellant would be entitled to any other judgment than that rendered. McDonald, Texas Civil Practice, Vol. 4, Sec. 18.27, and authorities cited.

We fail to find any definite allegation in appellant's pleading that the inventory in question did not include all the community property of the parties at the time it was furnished appellant or her attorneys. There is no allegation that any property was not disclosed or was concealed, other than the indefinite alternative allegation in said Paragraph 6. There is no allegation that any such income was not spent for living expenses or business investments prior to the date the inventory was prepared, or that any part thereof was on hand at such time, or that there was any unexpended community property or money other than that listed in the inventory. Appellant alleges that she had asked by and through her attorneys numerous times over a period of years for information as to the income of her husband, but she does not allege any diligence to procure such information, nor does she allege that appellee gave her or her attorneys any false information as to what he made. She does not allege that appellee falsely reported his income to anyone, or that the inventory was false because not including unexpended income.

It seems that the gravamen of appellant's complaint is that certain deductions which the parties had taken in their income tax returns were disallowed. It is not alleged that appellant and her attorneys did not know such deductions had been taken, or that appellee fraudulently took such deductions. Nor it is shown or alleged that as a result of disallowing such deductions there was more income on hand for division between the parties than that inventoried. Actually the disallowing of the deductions would leave less money to the taxpayer after payment of taxes.

Resolving all doubts favorably to appellant, in accordance with the rule enunciated in Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929, we are of the opinion that appellant's pleading fails to allege a good cause of action for setting aside the property settlement decreed in the judgment rendered in said divorce suit, and that the Trial Court did not err in granting a summary judgment in favor of appellee. Harding v. W. L. Pearson & Co., Tex.Com.App. 1932, 48 S.W.2d 964.

Judgment affirmed.