**Billy D. SNOW, Appellant,**

v.

**Robert W. MILNER, Jr., et al., Appellees.**

**No. 14049.**

Court of Civil Appeals of Texas.

Houston.

Dec. 13, 1962.

On Rehearing Jan. 17, 1963.

Rehearing Denied Feb. 14, 1963.

Leonard Kahn, Baker, Branch & Campbell, and Robert O. Campbell, Houston, for appellant.

William H. White, Grant Cook, and Bracewell, Reynolds & Patterson, Houston, of counsel, for appellee Robert W. Milner, Jr.

Sam S. Minter, Houston, for appellee Foy D. Melton.

COLEMAN, Justice.

Appellees, Robert W. Milner, Jr., and Foy Melton, defendants in the trial court, attacked the petition of Billy D. Snow, appellant and plaintiff in the trial court, by exceptions and, prior to securing a final ruling thereon, presented to the court a motion for summary judgment in which they contended that the petition failed to state a cause of action. This position was sustained by the trial court and this appeal resulted.

It is the generally accepted rule that pleadings may be so faulty upon their face as to justify the rendition of a summary judgment. Brownson v. New, 259 S.W.2d 277, Tex.Civ.App., writ dism.; Barnard v. Kuldell, 349 S.W.2d 313, Tex.Civ.App. However, in several cases the courts have stated that a trial court should act on special exceptions and afford an opportunity to amend before considering a motion for summary judgment. Wilson v. Mitchell, 299 S.W.2d 406, Tex.Civ.App. The pleadings will be liberally construed in favor of the party against whom summary judgment is sought. Ross v. Burleson, 274 S.W. 2d 105, Tex.Civ.App.

Appellant contends that the allegations contained in his petition state a cause of action based on Section 1985, Title 42 U.S. C.A., which grants a cause of action to one injured in person or property as a result of a conspiracy to deter him, by force, intimidation, or threat, from testifying to any matter pending in any court of the United States, freely, fully and truthfully.

Appellees contend that the statute cited above, granting a cause of action not otherwise found in the common law, is unenforceable unless the legislative authority also provides a forum having jurisdiction to entertain suits to enforce the cause of action granted. By the provisions of 28 U.S.C.A. § 1343, the District Courts of the United States were specifically granted original jurisdiction of civil actions authorized by Section 1985 of Title 42 U.S.C.A., but there is no provision in this section making the jurisdiction exclusive. Appellees conclude that a District Court of the State of Texas would have no jurisdiction to entertain a suit brought to establish and enforce a cause of action created by a Federal statute over which the Federal District Court is expressly granted jurisdiction by statute. We cannot agree.

The Supreme Court of Wisconsin, in Smithers v. Brunkhorst, 178 Wis. 530, 190 N.W. 349, a suit for damages arising under a federal law creating a cause of action for damages in a wife against one who furnished intoxicating liquor to her husband, held:

"It is next claimed that the court was without jurisdiction to try this case. This claim rests upon the proposition that the right of action here sought to be enforced was created by federal law and that only federal courts have au-

thority to enforce the same. It is well settled that, where an act of Congress in general terms confers a right and does not limit the courts in which such right shall be enforced, state courts have jurisdiction. This question was recently and fully treated in Chicago, M. & St. Paul Ry. Co. v. McGinley, 175 Wis. 565, 185 N.W. 218, and a reference to that case and the authorities there cited is a sufficient response to this contention."

The Supreme Court of the United States in Second Employers' Liability Cases, (Mondou v. New York, New Haven & Hartford R. R. Co.) 223 U.S. 1, 32 S.Ct. 169, 56 L.Ed. 327, in reversing a decision of the Supreme Court of Connecticut, holding that the trial court could decline jurisdiction of a cause arising under the laws of the United States, quoted from Claflin v. Houseman, 93 U.S. 130, 136, 137, 23 L.Ed. 833:

" 'The laws of the United States are laws in the several states, and just as much binding on the citizens and courts thereof as the state laws are. The United States is not a foreign sovereignty as regards the several states, but is a concurrent, and, within its jurisdiction, paramount, sovereignty. * * * If an act of Congress gives a penalty [meaning civil and remedial] to a party aggrieved, without specifying a remedy for its enforcement, there is no reason why it should not be enforced, if not provided otherwise by some act of Congress, by a proper action in a state court. The fact that a state court derives its existence and functions from the state laws is no reason why it should not afford relief; because it is subject also to the laws of the United States, and is just as much bound to recognize these as operative within the state as it is to recognize the state laws. The two together form one system of jurisprudence, which constitutes the law of the land for the state; and the courts of the two jurisdictions are not foreign to each other, nor to be treated by each other as such, but as courts of the same country, having jurisdiction partly different and partly concurrent. * * *' "

In United States v. Bank of New York & Trust Co., 296 U.S. 463, 56 S.Ct. 343, 80 L.Ed. 331, the court held:

"The government insists that the United States is entitled to have its claim determined in its own courts. But the grant of jurisdiction to the District Court in suits brought by the United States does not purport to confer exclusive jurisdiction. It is a general rule that the grant of jurisdiction to one court does not, of itself, imply that the jurisdiction is to be exclusive. See Gittings v. Crawford, Taney, 1, Fed. Cas.No. 5,465; Ames v. Kansas, 111 U.S. 449, 464, 4 S.Ct. 437, 28 L.Ed. 482; Plaquemines Tropical Fruit Co. v. Henderson, 170 U.S. 511, 517, 518, 18 S.Ct. 685, 42 L.Ed. 1126; Merryweather v. United States (C.C.A. [9 Cir.]), 12 F. 2d 407, 409, 410. Upon the state courts, equally with the courts of the Union, rests the obligation to guard and enforce every right secured by the Constitution and laws of the United States whenever those rights are involved in any suit or proceedings before them. Robb v. Connolly, 111 U.S. 624, 637, 4 S.Ct. 544, 28 L.Ed. 542."

In Caruthers v. Hines, 290 S.W. 155, the Commission of Appeals of Texas said: "A state court has concurrent jurisdiction with the District Courts of the United States to pass on federal questions, since the Constitution, laws, and treaties of the United States are as much a part of the laws of each state as its own local laws and Constitution * * *."

Here appellant alleged a conspiracy between appellees to *induce* appellant to give false testimony at a trial in a federal district court. He pled that pursuant to the conspiracy one of his superior officers on the Police Force offered him a bribe. There

is no specific allegation that a conspiracy existed to *deter* him from testifying truthfully by *force, intimidation* or *threat.*

Title 42 U.S.C.A. § 1985, further provides that if, in furtherance of the object of the conspiracy, one or more of the persons engaged therein do or cause to be done any *act,* whereby another is injured in his person or property, the injured party may have an action for the recovery of his damages.

It is alleged that the proffered bribe is an act causing the injury for which a recovery of damages is sought.

Plaintiff has alleged that at the trial he testified truthfully to the facts and that during the course of the trial he was compelled to reveal the offer of a bribe. This testimony was denied by the superior officer alleged to have offered the bribe, resulting in a Police Department rift and personal notoriety to plaintiff. As a result, it is alleged, he was considered unacceptable to the officials of the Houston Police Department, was shunned by his fellow officers, his life was threatened and he was required to resign from police work. It was further alleged that as a result of the acts of appellees he suffered headaches and nervousness; his business of operating a filling station failed; and his earning capacity, and business and professional reputation was impaired, causing damage in the sum of $100,000.00.

Appellant has alleged that he was offered a bribe by a superior officer on the Police Force. He has also alleged Title 42 U.S.C.A. § 1985, in haec verba. Construing the petition liberally in favor of the pleader, particularly in view of the fact that the special exceptions were not acted on by the trial court, we are of the opinion that the petition might be construed to allege that a conspiracy existed to deter appellant from testifying truthfully; that an attempt was made to intimidate appellant by having a bribe offered him by a superior officer; and that as a result of such act appellant suffered injury.

Appellant contends that he has also alleged a cause of action based on slander. While appellant alleged that one of appellees denied that appellant testified truthfully and that such statement was made before a non-judicial body, we think the pleading in that respect so faulty as to justify the rendition of a summary judgment.

While we recognize the rule of law quoted in Cooper v. Steen, 318 S.W.2d 750, Tex. Civ.App., to the effect that an intentional invasion of a legally protected right causing injury is actionable, we find no cause of action raised by the pleading other than the matters previously discussed. While a plaintiff may plead evidentiary allegations and conclusions of law, the statement of his cause of action must be sufficient to give fair notice of the claim involved. Rules 45 and 47, Texas Rules of Civil Procedure. Where the pleadings are of such a general nature that fair notice of the claim involved is not afforded, a summary judgment may properly be granted

The judgment of the Trial Court is reversed and remanded.

On Motions for Rehearing.

In their motions for rehearing appellees have raised the point that appellant's original petition fails to plead either by way of fact or conclusion certain necessary elements of a cause of action under Title 42, U.S.C.A. § 1985.

Section 1985 has been construed by the appellate courts of the United States to require, as elements of a cause of action under such statute, allegations of a conspiracy for the purpose of hindering or obstructing the due course of justice in a state with the purposeful intent to deny to a citizen the equal protection of the law, and of overt acts done under color of state law or authority and resulting in injury to the plaintiff in his person or property. Hoffman v. Halden, 268 F.2d 280 (9th Cir., 1959), and cases there cited.

In his original petition plaintiff has not alleged facts from which the conclusion

could be drawn that a conspiracy was formed with the intention to deny him equal protection of the law or that any acts committed pursuant to the alleged conspiracy were done under color of state law. Since under the Hoffman case such allegations are necessary, plaintiff has failed to allege a cause of action based on the statute.

Appellees' motions for rehearing are granted and the judgment of the trial court is affirmed.

Motions for rehearing granted; former judgment vacated, set aside and annulled; judgment rendered and opinion on rehearing filed January 17, 1963.